## ANGUERA v. YTURRIA.

### No. 7576.

Circuit Court of Appeals, Fifth Circuit.

Nov. 26, 1935.

H. B. Galbraith, of Brownsville, Tex., for appellant.

Wm. S. West, of Brownsville, Tex., and C. R. Wharton, of Houston, Tex., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellee was the executor and trustee under a will which bequeathed to the appellant $5,000, to be held in trust by the executor of the will, to be paid to the legatee after she arrived at the age of twenty-one years, or if she married before reaching that age, to be paid

to her when married. By a decree entered on February 28, 1925, while appellant was a minor, in a cause to which appellant and appellee and other beneficiaries under the will were parties, the estate of the testator was ordered distributed to the parties entitled thereto, except that a described fund was adjudged to be held by the appellee as trustee, from which fund he was ordered to discharge said legacy to appellant. Pursuant to that decree appellee paid out of that fund all legacies charged against it, except the legacy to appellant, leaving therein the sum of $5,000, which was retained by the appellee in trust for the appellant. On September 11, 1925, appellee deposited the sum of $5,000 in the Merchant's National Bank of Brownsville, Tex., taking therefor an interest-bearing certificate payable to "D. Yturria, Trustee," and bearing 4 per cent. annual interest. At the time of making that deposit the Merchant's National Bank was a solvent, reputable institution, and so continued until the 24th day of March, 1932, when it was taken over by the Comptroller of the Currency, through a named receiver, at which time the amount owing on said certificate, with accumulated interest, was the sum of $6,270.56, for which amount appellee made proof of claim to said receiver, who issued to appellee on August 22, 1932, the receiver's certificate, drawn in favor of "D. Yturria, Trustee." Two receiver's dividends were paid by the receiver to appellee, one of $1,379.52 on December 27, 1932, the other on January 10, 1934, of $1,442.22, each of which amounts on the day of its receipt by appellee was deposited by him in the State National Bank of Brownsville, Tex., he taking that bank's certificate therefor, payable to "D. Yturria, Trustee." Appellant reached the age of twenty-one on September 17, 1933, without having married. On September 30, 1933, appellee tendered to appellant the above-mentioned receiver's certificate and the above-mentioned first-dated certificate of deposit issued by the State National Bank of Brownsville, Tex., in settlement of appellant's claim for said legacy, and in satisfaction of appellee's obligation as trustee under the above-mentioned decree, which offer was refused by appellant. Upon appellant reaching the age of twenty-one, she made prompt demand upon appellee for the $5,000, in response to which demand the appellee made the above-mentioned tender. Thereafter appellee kept that tender good, and, upon appellant, on April 21, 1934, bringing this action against appellee to recover the sum of $5,000, with interest thereon from the date of the above-mentioned decree, appellee tendered to appellant and deposited in the registry of the court below said receiver's certificate, subject to the two above-mentioned credits indorsed thereon, together with the sum of $2,840.82, that sum being the principal, with accrued interest, of the two above-mentioned certificates of deposit issued by the State National Bank of Brownsville, Tex., which certificates were surrendered to that bank and cashed by it to enable appellee to make said deposit in the registry of the court below in cash. The court ruled against the claim asserted by appellant's action.

In behalf of the appellant, it was contended that appellee's deposit of the $5,000 in the Merchant's National Bank in the manner above stated had the effect of an appropriation of that sum to his individual use, with the result of making him liable to appellant for that sum upon the failure of the depositary bank. That contention is not sustainable. By procuring from that bank its certificate for the amount deposited, made payable to "D. Yturria, Trustee," that bank was put on notice that the fund represented by that certificate was not the individual property of the depositor, but was a fund held by him in a trust relation, though the name of the cestui que trust was not stated or disclosed; and that fund could not be applied, by the depositary bank or another, on the individual indebtedness of the depositor. Central National Bank v. Connecticut M. L. Insurance Company, 104 U.S. 54, 63, 64, 26 L.Ed. 693; Shaw v. Spencer et al., 100 Mass. 382, 391, 97 Am.Dec. 107, 1 Am.Rep. 115; Duckett v. National Mechanics' Bank, 86 Md. 400, 38 A. 983, 39 L.R.A. 84, 63 Am.St.Rep. 513, 521; United States Fidelity & G. Co. v. Adoue & Lobit, 104 Tex. 379, 137 S.W. 648, 138 S.W. 383, 37 L.R.A.(N.S.) 409, 416, 417, Ann.Cas. 1914B, 667; United States v. Butterworth-Judson Corporation, 267 U.S. 387, 395, 45 S.Ct. 338, 69 L.Ed. 672; 3 R.C.L. 595.

What was relied on in behalf of the appellant as having the effect of making the appellee individually liable for the

$5,000, with interest thereon, was the failure of the appellee to have the certificate of deposit made payable to himself as trustee for appellant. It was not claimed that appellee would have incurred the liability asserted if the certificate of deposit had been made so payable, the depositary bank being of good repute when the deposit was made. 26 R.C.L. 1314.

The ruling complained of was not erroneous. The judgment is affirmed.